Argued April 8, reversed and remanded June 3, 1965

## ORENDINO *v.* CLARKE

402 P. 2d 527

*William C. Grant,* Portland, argued the cause for appellant. With him on the briefs was Ben T. Gray, Portland.

*Hugh B. Collins,* Medford, argued the cause and filed a brief for respondent.

Before McAllister, Chief Justice, and Sloan, Goodwin and Holman, Justices.

GOODWIN, J.

Plaintiff appeals from a judgment for the defendant which was entered after the trial court sustained a demurrer to the complaint.

■ The complaint alleged in effect that the defendant, a licensed osteopath, undertook to examine and treat a six-month-old child following a fall which was described by the mother to the doctor. The pleading alleged that the doctor negligently failed to examine or treat the child properly in view of all the circumstances, and failed to diagnose a fracture. The specific omissions which were alleged to be negligent included failure to X-ray the child, failure properly to observe the child, failure to instruct the mother concerning the follow-up observation and care at home, and failure, in the light of the history given by the mother, to hospitalize the child.

It seems unnecessary to labor the point that if the allegations of the complaint were supported by evidence a jury could have decided that the doctor had not exercised that degree of care which under the circumstances it was his duty to exercise.

■ A pleading sufficiently states a cause of action for malpractice if it advises the defendant that his patient claims that the doctor negligently examined and treated the patient, and alleges sufficient facts to show the particulars in which the examination and treatment, under the circumstances, were negligent. See *Willard v. Hutson,* 234 Or 148, 162, 378 P2d 966 (1963), where we held that an allegation of negligence in leaving a child in the care of his mother under

certain circumstances could be deemed a sufficient allegation of improper treatment. In *Lippold v. Kidd,* 126 Or 160, 169, 269 P 210, 59 ALR 875 (1928), we held that in certain circumstances the failure to X-ray could be characterized as negligence. It was error to sustain the demurrer.

Reversed and remanded.